IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

------------------------------------x
LAUREN BETANCOURT,                  :

         Plaintiff,                 :     Civ. Action No.

v.                                  :     1:11-cv-03805

VINTAGE PHARMACEUTICALS, LLC,
ENDO PHARMACEUTICALS, INC. and      :
ENDO PHARMACEUTICALS HOLDINGS,
INC.,                               :

         Defendants.                :

                                    :
------------------------------------x

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.   Description of Case:**

   (a)   Describe briefly the nature of this action.

**A putative class action arising from the alleged purchase of certain oral contraceptive products ("birth control pills").**

   (b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

   The complaint alleges that plaintiff Lauren Betancourt ingested birth control pills "placed into the stream of commerce by Defendants" and that "select blisters found inside the pill box were rotated 180 degrees within the

ATL 18,411,317v2 1-13-12                1

**card, reversing the weekly tablet orientation." Plaintiff alleges that her "[c]onsumption of the product . . . resulted in a pregnancy, injuries to her and to her child *In Utero*."**

  (c) The legal issues to be tried are as follows:

    **(1) Whether this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 consisting of a class of: "All persons within the United States of America who, within the applicable limitations period, purchased and/or ingested" the birth control pills at issue; and the following sub-classes: (A) "[T]hose persons who ingested none of the birth control pills and/or who experienced no significant physical symptoms"; (B) "[T]hose persons who experienced significant physical symptoms"; (C) "[T]hose persons who became pregnant, and the pregnancy was not carried to term"; and (D) "[T]hose persons who became pregnant, and, the pregnancy resulted in the live birth of a baby."**

    **(2) Whether Defendants' conduct caused the alleged injuries.**

**(3) Because this case is still in the very early stages of litigation, other legal issues will likely become relevant as the case is developed and prepared for trial.**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related cases:

(i) *Zubrick v. Qualitest Products, Inc.*, Civ. No. 1:11-cv-08543 (N.D. Ill.)

(ii) *Homer v. Qualitest Products, Inc.*, Civ. No. 1:11-cv-00401 (S.D. Tex.)

(iii) *Federman v. Qualitest Pharmaceuticals*, Civ. No. BC471059 (Cal. Superior Ct., Los Angeles County)

(2) Previously Adjudicated related cases:

None

2. This case is complex because it possesses one (1) or more of the features listed below (please check):

**Plaintiff:**

  **X**  **(1) Unusually large number of parties**
_____ (2) Unusually large number of claims or defenses
_____ (3) Factual issues are exceptionally complex
_____ (4) Greater than normal volume of evidence
  **X**  **(5) Extended discovery period is needed**
_____ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
_____ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof

    \_\_\_\_ (11) Unusually complex discovery of electronically stored information

**Defendants:**

    **X** **(1) Unusually large number of parties**
    \_\_\_\_ (2) Unusually large number of claims or defenses
    **X** **(3) Factual issues are exceptionally complex**
    \_\_\_\_ (4) Greater than normal volume of evidence
    **X** **(5) Extended discovery period is needed**
    **X** **(6) Problems locating or preserving evidence**
    \_\_\_\_ (7) Pending parallel investigations or action by government
    \_\_\_\_ (8) Multiple use of experts
    \_\_\_\_ (9) Need for discovery outside United States boundaries
    **X** **(10) Existence of highly technical issues and proof**
    \_\_\_\_ (11) Unusually complex discovery of electronically stored information

3.     **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:

**Steven L. Beard**
**Steven L. Beard, P.C.**
**324 Cherokee Street**
**Marietta, GA 30060**
**Telephone: (770) 424-1234**

    Defendant:

**James D. Herschlein**
**(Pro hac vice motion to be filed)**
**KAYE SCHOLER LLP**
**425 Park Avenue**
**New York, NY 10022**
**Telephone: (212) 836-8000**

**Facsimile: 212-836-8689**

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____ Yes        **X**  **No**

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, indentify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

(a)   The following persons are necessary parties who have not been joined:

**Plaintiff:**

**Plaintiff believes there are necessary parties to be joined in this action, including, but not limited to, Patheon Pharmaceuticals, Inc. and Patheon Pharmaceuticals Services, Inc.  Plaintiff intends to amend her Complaint to add these two parties as defendants.  Plaintiff also intends to add an additional Plaintiff to this action, Angela Shepard.**

**Defendants:**

**Defendants do not believe at this time there are any additional necessary parties to this action.  As discovery moves forward, Defendants may supplement this response.**

(b)     The following persons are improperly joined as parties:

**Brenn Distribution, Inc. and Qualitest Products, Inc. have been dismissed. Defendants reserve the right to seek the dismissal of other parties at the appropriate time.**

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Vintage Pharmaceuticals, LLC (d/b/a Qualitest) (incorrectly named as "Qualitest Products, Inc.") has already appeared.**

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.1.

(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Plaintiff:  Plaintiff intends to file a Second Amended Complaint to add parties to this action and believes additional parties may also need to be added.**

Defendants:  None

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing unless otherwise permitted by law.

ATL 18,411,317v2 1-13-12

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.

(c)     *Other Limited Motions*: refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony*:  Daubert motions with regard to expert testimony no later than the date the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**Defendants anticipate filing initial disclosures on January 13, 2012.**

**Plaintiff anticipates filing initial disclosures on January 13, 2012.**

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties request a scheduling conference to address whether discovery should be conducted in a phased fashion, where the parties first would conduct discovery as to whether a class action should be certified, and then following a decision on class certification, merits discovery would commence. Defendants propose the attached phased discovery schedule and Plaintiff opposes. Plaintiff further wishes to address at the conference necessary defendants who should be added as parties.**

**10.   Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**(a)   Discovery related to class certification, including the number of potential class members, factual allegations as to injuries and damages and the**

**commonality of these facts, the nature and typicality of legal claims and defenses of named parties, and the ability of representative parties to fairly and adequately protect the interests of the class;**

**(b)     The factual basis for Plaintiff's allegations;**

**(c)     The factual circumstances surrounding Plaintiff's purchase and ingestion of the birth control pills at issue;**

**(d)     Plaintiff's alleged medical condition and/or purported injuries;**

**(e)     The cause(s) of Plaintiff's medical conditions and or purported injuries;**

**(f)     The nature and extent of Plaintiff's damages;**

**(g)     Any and all records from medical doctors, psychologists, psychiatrists, other healthcare professionals, pharmacies, or other entities and/or individuals who have information relevant to the claims asserted in Plaintiffs' First Amended Complaint;**

**(h)     Ms. Betancourt's medical history prior to and after the events alleged in the First Amended Complaint;**

**(i)     Any and all warnings Ms. Betancourt and/or her healthcare providers received regarding the use, possible side effects, and or adverse reactions of the birth control pills at issue;**

(j)     **Packaging, manufacturing, and distribution of the birth control pills at issue;**

(k)     The opinions of expert witnesses.

**Because this case is still in the very early stages of litigation, other subjects will likely become relevant as the case is developed and prepared for trial.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties acknowledge that this Court normally provides that discovery will be completed within four (4) months after the filing of responsive pleadings. The parties anticipate that class certification discovery and merits discovery will require more than four (4) months. The instant action raises complex legal and medical issues related to Defendants, Plaintiff's medical history, as well as the design, manufacture, testing, packaging, labeling, distributing, purchase and use of the birth control pills at issue.**

**Defendants respectfully request that discovery should initially be focused on the issue of class certification, for the first four (4) months. Defendants anticipate that written discovery requests would be served and answered during this period of time, and, following a review of that written discovery, depositions would need to be taken of the Plaintiff and possibly of third-party witnesses.**

**Following class certification discovery, the parties will litigate whether the class should be certified. After the Court has ruled whether the class should be certified, the parties would then begin discovery as to the merits of the litigation, although to avoid duplicative discovery, the parties agree that discovery taken during the class certification discovery phase could be used during the merits discovery phase. Defendants respectfully request the Court to enter the Scheduling Order as set forth in Attachment A to this document.**

**Plaintiff opposes conducting phased discovery, and does not agree with Defendants that initial discovery for the first four months should be limited to the issue of class certification. Plaintiff believes that the issues of class certification and liability/merits of the litigation are closely intertwined and it is likely that information as to these issues will be known by the same defendant representatives. Finally, Plaintiff adamantly disagrees with the scheduling order submitted by defendants in this case in that it unnecessarily extends the time and is overly complicated. Because this product has been recalled and involves packaging error, the issues with regard to liability are well-defined and there is no reason to separate issues of class certification and issues going to the merits of the case. Plaintiff does not agree that this case is**

**complicated and believes that discovery can proceed in both areas without unnecessary complication and duplication.**

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None.**

(b) Is any party seeking discovery of electronically stored information? **Yes.**

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**No discovery requests are pending, thus discussions as to the scope of electronically stored information would be premature. The parties have agreed to negotiate in good faith as to the scope of productions after the parties serve requests for production.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion of metadata, and have agreed as follows:

**To the extent that information is produced from electronic or computer-based media ("ESI"), the parties will produce ESI in a reasonably usable form as required by Rule 34. ESI will be produced as TIFFs (with accompanying**

ATL 18,411,317v2 1-13-12

12

**text files) or text enabled PDFs. Either form typically will include accompanying litigation support load files. Paper documents will be produced as text enabled PDFs or OCR'ed TIFFs, both to include accompanying litigation support load files. ESI will therefore be produced in a format that is usable and searchable if available. Examples of ESI materials where text files will not be provided, include, but are not limited to the following: .img files, .wav or other media and audio files.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**The parties anticipate that a Stipulated Protective Order will be submitted to the Court for approval.**

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **December 20, 2011** and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For plaintiff:     Lead counsel (signature):     */s/ Steven L. Beard***

       **Other participants: Keith D. Bodoh**

**For defendant: Lead counsel (signature):** */s/ James D. Herschlein*

**Other participants: Alan E. Rothman and R. Clifton Merrell**

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

      (____)      A possibility of settlement before discovery.

      **( X )**      **A possibility of settlement after some discovery.**

      (____)      A possibility of settlement, but a conference with the judge is needed.

      (____)      No possibility of settlement.

(c) **Counsel (X) do** or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is undetermined at this time but will occur after some discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

None.

**14.** **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day _____, of 20__.

(b) The parties **( X ) do not consent** to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 13th day of January, 2012

| | |
|---|---|
| */s/ Steve L. Beard* | */s/ R. Clifton Merrell* |
| Steven L. Beard | LORI G. COHEN |
| Georgia Bar No. 044475 | Georgia Bar No. 174455 |
| Steven L. Beard, P.C. | R. CLIFTON MERRELL |
| 324 Cherokee Street | Georgia Bar No. 593903 |
| Marietta, GA 30060 | GREENBERG TRAURIG, LLP |
| (770) 424-1234 | The Forum - Suite 400 |
| | 3290 Northside Parkway |
| */s/ Keith D. Bodoh* | Atlanta, Georgia 30327 |
| Keith D. Bodoh | 678-553-2100 |
| Georgia Bar No. 065180 | 678-553-2212 (facsimile) |
| Robertson, Bodoh & Nasrallah, LLP | |
| Suite 205 | */s/ James D. Herschlein* |
| 990 Cobb Parkway North | James D. Herschlein |
| Marietta, GA 30062 | (Pro hac vice motion to be filed) |
| (770) 422-2642 | Alan E. Rothman |
| *Counsel for Plaintiff* | (Pro hac vice motion to be filed) |
| | KAYE SCHOLER LLP |
| | 425 Park Avenue |
| | New York, NY  10022 |
| | Telephone: 212-836-8000 |
| | Facsimile:  212-836-8689 |
| | |
| | Pamela J. Yates |
| | (Pro hac vice motion to be filed) |
| | KAYE SCHOLER LLP |
| | 1999 Avenue of the Stars, Suite 1600 |
| | Los Angeles, CA  90067 |
| | Telephone:  310-788-1000 |
| | Facsimile:  310-788-1200 |
| | |
| | *Counsel for Defendants Vintage Pharmaceuticals, LLC, Endo Pharmaceuticals Inc. and Endo* |

*Pharmaceuticals Holdings Inc.*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE

## ATTACHMENT A

## DEFENDANTS' PROPOSED SCHEDULING ORDER

|    | **DESCRIPTION**                                                                                                                                                                                                         | **DATE**                                                                                                                                                           |
|----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1. | **Parties shall submit Mandatory Disclosures as required by Rule 26 no later than**                                                                                                                                    | **January 13, 2012**                                                                                                                                               |
| 2. | **Discovery as to class certification issues closes**                                                                                                                                                                  | **May 11, 2012**                                                                                                                                                   |
| 3. | **Plaintiff's motion for class certification shall be filed no later than**                                                                                                                                            | **May 31, 2012**                                                                                                                                                   |
| 4. | **Defendants' opposition to motion for class certification shall be filed no later than**                                                                                                                              | **June 29, 2012**                                                                                                                                                  |
| 5. | **Plaintiff's reply regarding motion for class certification shall be filed no later than**                                                                                                                            | **July 16, 2012**                                                                                                                                                  |
| 6. | **Merits discovery begins**                                                                                                                                                                                            | **30 days after ruling on motion for class certification (subject to the parties' rights to move for a stay if an interlocutory appeal is taken)**                |
| 7. | **Fact discovery closes**                                                                                                                                                                                              | **210 days after ruling on class certification motion**                                                                                                            |
| 8. | **Plaintiff must designate experts and provide reports as required by Rule 26 to counsel for Defendants so that such designations and reports are received in the offices of counsel for Defendants no later than**   | **270 days after ruling on class certification motion**                                                                                                            |
| 9. | **Plaintiff shall make experts available for deposition at election of Defendants no later than**                                                                                                                      | **300 days after ruling on class certification motion**                                                                                                            |

| | | |
|---|---|---|
| 10. | **Defendants must designate experts and provide reports as required by Rule 26 to counsel for Defendants so that such designations and reports are received in the offices of counsel for Plaintiff no later than** | **330 days after ruling on class certification motion** |
| 11. | **Defendants shall make experts available for deposition at election of Plaintiff no later than** | **365 days after ruling on class certification motion** |
| 12. | **All discovery closes** | **365 days after ruling on class certification motion** |
| 13. | ***Daubert* motions, motions for summary judgment and dispositive motions must be filed no later than** | **30 days after close of all discovery** |
| 14. | **Plaintiff's proposed pre-trial order must be submitted to Defendants and received in the offices of Defendants' counsel no later than** | **20 days after the Court's ruling on dispositive motions to the extent case is not fully resolved** |
| 15. | **Defendants' portion of the pre-trial order must be submitted to Plaintiff and received by Plaintiff no later than** | **40 days after the Court's ruling on dispositive motions to the extent case is not fully resolved** |
| 16. | **Final Pretrial Order shall be filed with the Court** | **50 days after the Court's ruling on dispositive motions to the extent case is not fully resolved** |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LAUREN BETANCOURT,                              :

      Plaintiff,                                   :          Civ. Action No.

v.                                                          :          1:11-cv-03805

QUALITEST PRODUCTS, INC., BRENN
DISTRIBUTION, INC., ENDO                        :
PHARMACEUTICALS, INC., ENDO
PHARMACEUTICALS HOLDINGS, INC.,        :

      Defendants.                                :

                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2012, a true and correct copy of the foregoing **Joint Preliminary Report and Discovery Plan** has been electronically filed with the Clerk of Court using the CM/ECF system, which automatically provides email notification of the filing to the following attorneys of record:

Steven L. Beard
Steven L. Beard, P.C.
324 Cherokee Street
Marietta, GA 30060
(770) 424-1234

Keith D. Bodoh
Robertson, Bodoh & Nasrallah, LLP
Suite 205
990 Cobb Parkway North
Marietta, GA 30062
(770) 422-2642
*Counsel for Plaintiff*

*/s/ R. Clifton Merrell*
R. Clifton Merrell